Estate of Maurice Max Leavitt, Deceased; Bessie Leavitt, Executrix v. Commissioner.
Estate of Maurice Max Leavitt v. Commissioner
Docket No. 31016.
United States Tax Court
1952 Tax Ct. Memo LEXIS 149; 11 T.C.M. (CCH) 701; T.C.M. (RIA) 52219; June 30, 1952
*149 V. J. Bodovitz, Esq., Colcord Bldg., Oklahoma City, Okla., for the petitioner. W. B. Riley, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent has determined a deficiency in estate tax in the amount of $4,496.29. The issue is whether one-half of property, securities, which were held in the name of the decedent at the time of his death was owned at and prior to his death by his wife, Bessie Leavitt, so that the value of such property properly was omitted from the value of the gross estate. The question is whether a decree of the County Court of Oklahoma County, Oklahoma, which allegedly determined what property was owned by the decedent at the date of his death is binding upon this Court in determining the question of what property is includible in gross estate. The estate tax return was filed with the collector for the district of Oklahoma. Findings of Fact Maurice Max Leavitt died, testate, a resident of Oklahoma City, Oklahoma, on August 1, 1946. He was survived by his wife, Bessie Leavitt. She is the duly appointed executrix of the decedent's estate under his last will. On February 2, 1948, the County *150 Court for Oklahoma County, Oklahoma, Probate Division, entered its "Order Settling Final Account, Making Distribution and Discharge," in the matter of the Estate of Maurice Max Leavitt. The executrix having filed her final account and petition for final settlement of the estate, and her petition for final discharge and for distribution of the estate, the account and petition came on for hearing upon due notice having been given. The County Court found that all of the standard and regular duties of the executrix had been discharged, such as making payment of all claims against and debts of the decedent, the making of payment of the state inheritance tax, and the filing of the Federal estate tax return in which no Federal estate tax was reported to be due; that all of the bequests had been paid, and that the estate was in a condition to be closed; and that the residue of the estate was in condition to be distributed to the residuary legatee under the will, Bessie Leavitt. The County Court, inter alia, decreed that the residue of the estate be distributed to Bessie Leavitt, and that she be discharged from any further duties as executrix. In addition to the routine, standard findings *151 the County Court found that at the time of his death, the testator owned 500 shares of New York Central stock, 500 shares of Budd Wheel, 500 shares of Interlake Iron, 800 shares of Speigel, 50 shares of Interlake Iron, 100 shares of Budd Wheel, and 300 shares of Kansas City Southern Railway stocks, out of twice the number of shares of each stock; and that there were similar numbers of shares of the same stocks standing in the name of the testator "which was in truth and in fact the property of Bessie Leavitt, and the said testator had such stock in his name as trustee for Bessie Leavitt." The County Court decreed, inter alia, that of all of the shares of the designated stocks issued in the name of the decedent, one-half, equal and similar, were "actually the property of Bessie Leavitt, and the said Maurice Max Leavitt held same as trustee for the said Bessie Leavitt." The aforesaid decree of February 2, 1948, of the County Court was entered in a non-adversary proceeding in which there was no contested issue about the ownership at the date of death of 1,000 shares of New York Central, 1,000 shares of Budd Wheel, 1,000 shares of Interlake Iron, 1,600 shares of Speigel, 100 shares *152 of Interlake Iron, 200 shares of Budd Wheel, and 600 shares of Kansas City Southern Railway stocks, all of which shares stood in the name of Maurice Max Leavitt at the date of his death. These shares of stocks of various corporations represented most of the residuary estate, of which Bessie Leavitt was the residuary legatee. The Court ordered the issuing corporations and transfer agents to transfer all of the shares of all of the stocks to Bessie Leavitt, such as, for example the entire 1,600 shares of Speigel stock. Although the executrix reported to the County Court that one-half of all of the aforesaid shares of stocks of various corporations, only, belonged to the decedent at the time of his death, no evidence to prove title to the securities was presented to the Court other than the executrix' inventory and appraisal of the securities which listed only one-half of the securities as owned by the decedent, and the Court did not go behind or into the sources of the information set forth in the inventory. In this proceeding, there is no evidence relating to proof of ownership of any of the shares of stock which stood in the decedent's name at the time of his death; or, relating *153 to the dates when shares of stock were issued to the decedent; or, relating to the source of the consideration paid for shares of stock; or any other proof of the ownership of the specific shares of stock, other than the decree of the County Court discharging the executrix and ordering distribution of the estate (Ex. 1). The decree of February 2, 1948, of the County Court for Oklahoma County was in effect a consent decree which did not decide and adjudicate any claims of conflicting and adverse claimants to the ownership of the shares of stock of the various corporations which stood in the decedent's name at the time of his death. Opinion The respondent has determined that 100 per cent, rather than 50 per cent, of the shares of stock in the decedent's name at the time of his death were owned by him and were his personal property and, therefore, are includible in toto in the gross estate. The petitioner challenges this determination and contends that only 50 per cent of the shares of stock were owned by the decedent, and are includible in his gross estate, as she reported in the Federal estate tax return. The petitioner has the burden of proving her contention, and that the *154 respondent has erred in his determination. No proof was presented by the petitioner which directly relates to the date and the circumstances of the issuance of any of the shares of stock in question to the decedent, or to the source of the consideration paid for the stock, or to the alleged ownership of one-half of each lot of securities by herself as an individual. No books of account were available for introduction in evidence. The petitioner did not appear at the hearing of this proceeding. The petitioner relies solely upon the Order of February 2, 1948, of the Oklahoma County Court which has been described in the Findings of Fact, and in particular upon that part of the Court's decree which held that one-half of each lot of stocks "was in truth and in fact the property of Bessie Leavitt, and that said testator had such stock in his name as trustee for Bessie Leavitt." Since the petitioner has not proved by independent evidence that she, as an individual, owned one-half of the stock in question, we cannot set aside the respondent's determination that the decedent, in his own right, owned 100 per cent of each lot of stocks. The question of law which is presented is controlled *155 by ; aff'd., per curiam, (C.A. 9, 1950); certiorari denied, . The applicable rule there stated is as follows: "An adjudication of property rights by a state court of competent jurisdiction entered in a bona fide adversary proceeding and after a hearing on the merits is binding upon this Court. ; . However, 'the rule applies only to a decision entered in a proceeding presenting a real controversy for determination. The decision must settle issues regularly submitted and not be, in any sense, a consent decree.' , and cases cited; ; aff'd, ." See also: ; ; ; aff'd ; , and cases cited; ; . *156 The Order and Decree of the County Court for Oklahoma County of February 2, 1948, was not a decision of property rights in a real, adversary proceeding. Decision will be entered for the respondent.